2014 UT App 23

**Sheri PENCE, Petitioner and Appellee,**

v.

**Rory D. PENCE, Respondent and Appellant.**

**No. 20130753–CA.**

Court of Appeals of Utah.

Jan. 30, 2014.

David W. Brown, West Valley City, Attorney for Appellant.

Douglas L. Neeley, Manti, Attorney for Appellee.

Before Judges JAMES Z. DAVIS, J. FREDERIC VOROS JR., and RUSSELL W. BENCH.[1]

Decision

PER CURIAM:

¶ 1 Rory D. Pence (Husband) appeals the district court's order making a previously entered temporary protective order permanent. This matter is before the court on Husband's motion for summary reversal.

¶ 2 Utah Code section 78B–7–107(b) states that ex parte temporary protective orders may not be extended beyond the initial twenty-day period unless:

   (i)  the petitioner is unable to be present at the hearing;

   (ii)  the respondent has not been served;

   (iii)  the respondent has had the opportunity to present a defense at the hearing;

   (iv)  the respondent requests that the ex parte order be extended; or

   (v)  exigent circumstances exist.

Utah Code Ann. § 78B–7–107(b) (LexisNexis 2012). Here, a hearing was scheduled after entry of the initial ex parte protective order. However, at that hearing the parties agreed that no permanent order should be entered until a guardian ad litem was appointed for the children and some of the allegations made against Husband were investigated by the proper authorities. Accordingly, the parties agreed to extend the temporary protective order, with some changes to reflect the visitation rights of Husband. The parties contemplated that a hearing could be conducted after an investigation was made of certain allegations. At no point during the hearing was Husband given the opportunity to present a defense to the underlying allegations made in the petition for a protective order. Accordingly, the district court erred in entering a permanent protective order because Husband was not allowed to present a defense at the hearing and he did not stipulate to the entry of a permanent protective order.

¶ 3 We therefore vacate the July 17, 2013 order making the protective order permanent. The provisions of the protective order, however, will remain in effect until an evidentiary hearing is conducted and a new order is entered.

---

1. The Honorable Russell W. Bench, Senior Judge, sat by special assignment as authorized by law. *See generally*, Utah Code Jud. Admin. R. 11–201(6).